UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF FLORIDA
PENSACOLA DIVISION

SYLVESTER HILL,

    Plaintiff,

v.                                Case No. 3:15cv312/MCR/CJK

R. HARRISON, et al.,

    Defendants.
_____/

REPORT AND RECOMMENDATION

This prisoner civil rights case is before the court upon referral from the clerk. For the reasons that follow, the undersigned concludes that this case should be dismissed under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim on which relief may be granted.

BACKGROUND AND PROCEDURAL HISTORY

Plaintiff is an inmate of the Florida penal system currently confined at Wakulla Correctional Institution.  (*See* Doc. 15).  Plaintiff commenced this action on July 12, 2015, by filing a civil rights complaint under 42 U.S.C. § 1983.  (Doc. 1).  Plaintiff's complaint concerns a disciplinary report plaintiff received at Santa Rosa Correctional Institution (Santa Rosa CI).  (Doc. 1).  Plaintiff sues four prison officials at Santa Rosa CI:  Correctional Officer R. Harrison, Disciplinary Hearing Team Member D.

Temples, Acting Warden M. Booker, and Secretary's Representative J. Sound. (Doc. 1, pp. 1-2). Plaintiff claims the defendants violated his rights under the First and Fourteenth Amendments when: (1) defendant Harrison wrote him a disciplinary report (DR) based on the "lie" that plaintiff stated he "want[ed] to kill somebody"; (2) defendant Temple found plaintiff guilty of the DR without any evidence of plaintiff committing the infraction; (3) defendant Booker denied plaintiff's appeal from the conviction and rejected plaintiff's arguments that audio and video evidence existed which belied Harrison's allegation, and that Harrison and plaintiff should be subjected to a polygraph test; and (4) defendant Sound denied plaintiff's appeal to the Office of the Secretary. (*Id*., pp. 5-6). Plaintiff states that as a result of the disciplinary conviction, he spent 60 days in "lockdown." (*Id*., p. 6). As relief, plaintiff seeks $15 million and the following injunctive relief:

> I want to take a polygraph and I want Officer Harrison to be forced to take one. I want Ofc. Harrison and Mr. Temple to be fired. Mr. Temple should be forced to take a polygraph also. I want to sue for 15 million dollars and I am asking that Ofc. R. Harrison and I never be near each other.

(*Id*., p. 7).

The court granted plaintiff's motion to proceed *in forma pauperis* on September 16, 2015, and assessed an initial partial filing fee. (Doc. 8). Plaintiff paid

the initial partial filing fee, and his complaint was referred for screening under 28 U.S.C. § 1915(e)(2).

On October 8, 2015, the undersigned issued an order (hereafter "Amend Order") advising plaintiff that his factual allegations fail to state a viable claim for relief under § 1983 as to any of the named defendants, because: (1) although plaintiff invokes the First Amendment, his allegations do not plausibly suggest defendant Harrison wrote the allegedly false DR in retaliation for plaintiff's engaging in constitutionally protected conduct; rather, plaintiff affirmatively asserts Harrison "didn't have a reason to write a D.R. on me" (doc. 1, p. 5); and (2) to the extent plaintiff references the Fourteenth Amendment and implies a due process violation arising from the disciplinary proceeding and his placement in "lockdown", plaintiff fails to state a plausible claim for relief because his allegations do not establish he was deprived of a constitutionally protected liberty interest.  (Doc. 10 (discussing *Sandin v. Conner*, 515 U.S. 472, 115 S. Ct. 2293, 132 L .Ed. 2d 418 (1995))).[1]

The Amend Order provided plaintiff the opportunity to clarify his allegations in an amended complaint, but warned plaintiff that if he did not have a good-faith

---

[1]The Amend Order also informed plaintiff that even if his allegations stated a plausible due process claim, he cannot recover the relief he seeks because his $15 million damages claim is barred by 42 U.S.C. § 1997e(e), and his request for injunctive relief was mooted by his transfer from Santa Rosa CI.  (Doc. 10).

*Case No: 3:15cv312/MCR/CJK*

belief he could state an actionable claim, he should file with the court a notice of voluntary dismissal to avoid an involuntary dismissal under 28 U.S.C. § 1915(e)(2)(B), which would count as a "strike."[2]  Plaintiff was provided thirty days in which to file an amended complaint or a notice of voluntary dismissal, and was warned that failure to comply with the order would result in a recommendation that this case be dismissed.  (Doc. 10).  Plaintiff did not comply with the order.

Accordingly, on November 16, 2015, the court issued an order requiring plaintiff to show cause, within fourteen days, why this case should not be dismissed for his failure to comply with an order of the court. (Doc. 11).  In response, plaintiff submitted a letter accusing the court of, in essence, swindling him for its own gain. More specifically, plaintiff accused the court of improperly opening a civil case; "taking advantage of me to steal 350.00 from me"; "useing [sic] me to get money for the court"; and "making my life wors[e] than it was".  (Doc. 12).  In an order issued December 9, 2015, the court addressed plaintiff's allegations, noted that his letter was unresponsive to the show cause order, and gave plaintiff three options:  (1) file a notice of voluntary dismissal on or before December 30, 2015; (2) file an amended

---

[2]A prisoner who has had three or more cases or appeals dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted cannot proceed *in forma pauperis*, unless he is under imminent danger of serious physical injury. 28 U.S.C. § 1915(g).

complaint on or before December 30, 2015; or (3) do nothing by December 30, 2015. The court warned plaintiff that if he did nothing, the undersigned would recommend that this case be dismissed for failure to comply with an order of the court. (Doc. 13).

Plaintiff has responded with yet another letter which, again, accuses the court of misleading him and encouraging him to file a lawsuit just to get money, knowing that the court would do nothing to "help" him. (Doc. 15). Plaintiff's letter is wholly unresponsive to the court's December 9, 2015 order, and was not accompanied by an amended complaint or a notice of voluntary dismissal.

## DISCUSSION

Title 28 U.S.C. § 1915 mandates that the district court dismiss an *in forma pauperis* action if the court determines that the action is "(i) frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). Dismissals for failure to state a claim are governed by the same standard as Federal Rule of Civil Procedure 12(b)(6). *Mitchell v. Farcass*, 112 F.3d 1483, 1485 (11th Cir. 1997). In applying this standard, the court accepts all well-pleaded factual allegations in the complaint as true and evaluates all reasonable inferences derived from those facts in the light most favorable to the plaintiff. *Hunnings v. Texaco, Inc.*,

29 F.3d 1480, 1483 (11th Cir. 1994). *Franklin v. Curry*, 738 F.3d 1246, 1251 (11th Cir. 2013) (holding that courts must follow the Supreme Court's "'two-pronged approach' of first separating out the complaint's conclusory legal allegations and then determining whether the remaining well-pleaded factual allegations, accepted as true, 'plausibly give rise to an entitlement to relief.'" (*quoting Ashcroft v. Iqbal*, 556 U.S. 662, 679, 129 S. Ct. 1937, 1950, 173 L. Ed. 2d 868 (2009))). "A pleading that offers 'labels and conclusions' or 'a formulaic recitation of the elements of a cause of action will not do.'" *Iqbal*, 556 U.S. at 678, 129 S. Ct. at 1949 (*quoting Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 555, 127 S. Ct. 1955, 167 L. Ed. 2d 929 (2007)).

As the Supreme Court reiterated in *Iqbal, supra*, although Rule 8 of the Federal Rules of Civil Procedure does not require detailed factual allegations, it does demand "more than an unadorned, the-defendant-unlawfully-harmed-me accusation." *Iqbal*, 129 S. Ct. at 1949. A complaint must state a plausible claim for relief, and "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* The mere possibility that the defendant acted unlawfully is insufficient to survive dismissal for failure to state a claim. *Id.* The complaint must include "[f]actual allegations . . . [sufficient] to raise a right to relief above the speculative

level," *Twombly*, 550 U.S. at 555, 127 S. Ct. at 1965, that is, "across the line from conceivable to plausible." *Id.*, 550 U.S. at 570, 127 S. Ct. at 1974.

A viable claim under 42 U.S.C. § 1983 requires plaintiff to establish two essential elements:

1. the conduct complained of was committed by a person acting under color of state law; and

2. this conduct deprived the plaintiff of rights, privileges, or immunities secured by the Constitution or laws of the United States.

*Parratt v. Taylor*, 451 U.S. 527, 535, 101 S. Ct. 1908, 1912, 68 L. Ed. 2d 420, 428 (1981), *overruled on other grounds, Daniels v. Williams*, 474 U.S. 327, 106 S. Ct. 662, 88 L. Ed. 2d 662 (1986); *Griffin v. City of Opa-Locka*, 261 F.3d 1295, 1303 (11th Cir. 2001).

Plaintiff's complaint is devoid of any facts to support plaintiff's conclusion that his First Amendment rights were violated. A First Amendment retaliation claim has three elements: (1) the plaintiff engaged in protected conduct; (2) an adverse action was taken against the plaintiff that would deter a person of ordinary firmness from continuing to engage in that conduct; and (3) there is a causal connection between elements one and two. *See Douglas v. Yates*, 535 F.3d 1316, 1321 (11th Cir. 2008). As noted above, plaintiff's allegations do not plausibly suggest defendant Harrison

wrote the allegedly false DR in retaliation for plaintiff's engaging in constitutionally protected conduct; rather, plaintiff affirmatively asserts Harrison "didn't have a reason to write a D.R. on me". (Doc. 1, p. 5).

Plaintiff's complaint also fails to state a plausible claim for relief under the Fourteenth Amendment. In *Sandin, supra*, the Supreme Court recognized that there are two instances in which a prisoner may claim a constitutionally protected liberty interest which implicates constitutional due process concerns: (1) when actions of prison officials have the effect of altering the inmate's term of imprisonment, and (2) where a prison restraint "imposes atypical and significant hardship on the inmate in relation to the ordinary incidents of prison life." 515 U.S. at 484. Because plaintiff lost no gain-time, and because sixty days in lockdown is not "the type of atypical, significant deprivation in which a State might conceivably create a liberty interest," 515 U.S. at 486, plaintiff cannot state a plausible claim that his due process rights were violated in connection with the disciplinary proceeding or placement in lockdown. *See e.g. Sandin*, 515 U.S. at 486 (holding that prisoner's placement in disciplinary confinement for thirty days was not atypical or significant enough to trigger due process protection); *Rogers v. Singletary*, 142 F.3d 1252 (11th Cir. 1998) (concluding that inmate's allegation that he was in segregated confinement for two

months failed to show the deprivation of a protected liberty interest); *see also, e.g., Smith v. Reg'l Dir. Fla. Dep't. of Corr.*, 368 F. App'x 9, 13 (11th Cir. 2010) (concluding that inmate failed to state a plausible due process claim where he was subjected to confinements of fifteen and thirty days in disciplinary confinement); *Perez v. Humphries*, No. 1:11cv180/RS/GRJ, 2011 WL 6960817, at *3 (N.D. Fla. 2011) (concluding that plaintiff's placement in disciplinary confinement for sixty days did not implicate a liberty interest protected by procedural due process), *Report and Recommendation adopted*, 2012 WL 32566 (N.D. Fla. Jan. 6, 2012).

The court provided plaintiff an opportunity to amend his complaint or, if he did not have a good-faith belief he could state an actionable claim, to voluntarily dismiss this case to avoid a "strike" under 28 U.S.C. § 1915(e)(2)(B). Plaintiff chose not to avail himself of either opportunity, but instead repeatedly made questionable and factually incorrect claims that this court had somehow misled or enticed him into filing a civil rights lawsuit in order to profit from the filing fee.

Accordingly, it is respectfully RECOMMENDED:

1. That this case be DISMISSED under 28 U.S.C. § 1915(e)(2)(B)(ii), for plaintiff's failure to state a claim upon which relief may be granted.

2. That the clerk be directed to close the file.

At Pensacola, Florida this 7th day of January, 2016.

/s/ *Charles J. Kahn, Jr.*
**CHARLES J. KAHN, JR.
UNITED STATES MAGISTRATE JUDGE**

NOTICE TO THE PARTIES

Objections to these proposed findings and recommendations may be filed within fourteen (14) days after being served a copy thereof.  <u>Any different deadline that may appear on the electronic docket is for the court's internal use only, and does not control</u>.  A copy of objections shall be served upon the magistrate judge and all other parties.  A party failing to object to a magistrate judge's findings or recommendations contained in a report and recommendation in accordance with the provisions of 28 U.S.C. § 636(b)(1) waives the right to challenge on appeal the district court's order based on unobjected-to factual and legal conclusions.  *See* 11th CIR. R. 3-1; 28 U.S.C. § 636.